### THE " S. S. OSBORNE."

In order to justify this court in returning a cause in admiralty to the Circuit Court, for the finding of facts which is required by the act of Feb. 16, 1875, c. 77 (18 Stat., pt. 3, p. 315), it must appear that the omission to make such finding is attributable to the court, and not to the parties.

MOTION for a writ of *certiorari* to the Circuit Court of the United States for the Northern District of Ohio.

The facts are stated in the opinion of the court.

*Mr. Albert G. Riddle* in support of the motion.

MR. CHIEF JUSTICE WAITE delivered the opinion of the court.

This is an appeal from a decree in admiralty on the instance side of the court. There is nowhere in the record a statement of facts and conclusions of law such as is required by the act of Feb. 16, 1875, c. 77, 18 Stat., pt. 3, p. 315. The case was heard on its merits in the Circuit Court at the April Term, 1878, and decided September 24. On the 19th of September a bill of exceptions was signed and filed to put on record the objections of the present appellants to the rulings of the court on their motion to dismiss the appeal from the District to the Circuit Court. When the case was decided on its merits a reference was made to a commissioner to ascertain and report

the amount of damages. A report was filed Jan. 3, 1879, to which exceptions were taken. These exceptions were heard and a final decree rendered March 15. An appeal was allowed in open court the same day, and the cause docketed here September 13. We cannot find from the record that the court was ever asked to state its findings specially, and it is conceded that in fact no such statement was ever made. The appellants now move for a writ of *certiorari* to the Circuit Court to certify up its findings.

We suppose the real object of this motion is to have the cause remanded to the Circuit Court, so that findings may be now stated and put into the record, as was done in *The Abbotsford*, 98 U. S. 440. That was an exceptional case depending on its own peculiar facts, and furnishes no precedent for what we are now asked to do. The hearing was had in this case, and the interlocutory decree which settled the merits rendered, more than three years after the act of 1875 took effect. The provisions of that act must have been in the minds of the counsel for the appellants, because a bill of exceptions was signed at their instance and filed just before the decree was entered, which could not have been done but for the change in the practice brought about by this legislation. The final decree was not rendered until six months afterwards, and special findings seem not to have been desired by either party. They are only important in case of an appeal, and may certainly be waived by the losing party. Under the circumstances of this case, the court might reasonably infer that the appellants intended to rest their appeal on their bill of exceptions, being satisfied that upon the findings, which would be stated if required, the decree must necessarily be sustained. To send the case back would be unjust to the court as well as the parties, for a special statement of the facts now would involve a rehearing. To justify us in returning a cause for such a purpose, it must clearly appear that the omission was attributable to the fault or neglect of the court and not to the parties.

*Motion denied.*